UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ARTEMIS MARKETING CORP.
f/k/a ROOMS TO GO, INC.,
a Nevada corporation,

                    Plaintiff,          **<u>MEMORANDUM AND ORDER</u>**

      -against-                   Case No. 09-CV-2413 (FB) (SMG)

ROOMS 2 GO FURNITURE, INC.,
a New York corporation,

                  Defendant.
----------------------------------------------------------
x

*Appearances:*
*For the Plaintiff:*
ANDREW L. DEUTSCH, ESQ.
DLA Piper LLP
1251 Avenue of the Americas
27th Floor
New York, NY 10020-1104

**BLOCK, Senior District Judge:**

        On June 8, 2009, plaintiff Artemis Marketing Corporation ("Plaintiff") commenced

suit alleging trademark infringement, unfair competition, and dilution under the Lanham Act, 15

U.S.C. §§ 1114, 1125(a), & 1125(c); trademark infringement and unfair competition under New

York common law; and violation of New York General Business Law §360-L.  As defendant Rooms

2 Go Furniture, Inc. ("Defendant"), after being duly served, has failed to respond to the complaint or

otherwise defend against the action, *see* Docket Entry #8 (Clerk's Entry of Default), the Plaintiff

now moves for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b).

        A defendant's default is an admission of all well-pleaded allegations in the complaint,

except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973

F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all

well pleaded allegations of liability, it is not considered an admission of damages."). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

The complaint alleges that (1) Plaintiff has valid marks that are entitled to protection; (2) Plaintiff's marks are distinctive; (3) Defendant used the marks to advertise and sell its goods and services without Plaintiff's consent; (4) Defendant's use of the marks is likely to cause confusion in the marketplace for residential furnishings as to the source and authority for offering such services; and (6) Defendant's use of the marks dilutes the distinctive quality of the marks to identify and distinguish Plaintiff's goods and services.

These allegations – now deemed admitted – are sufficient to establish the essential elements of Plaintiff's claims of trademark infringement, unfair competition, and dilution under the Lanham Act. *See Johnson & Johnson Consumer Companies, Inc. v. Aini*, 540 F. Supp. 2d 374, 388 (E.D.N.Y. 2008) (listing elements necessary to prevail on claims under 15 U.S.C. §§ 1114 & 1125(a)); *Mashantucket Pequot Tribe v. Redican*, 403 F. Supp. 2d 184, 192 (D. Conn. 2005) (listing elements necessary to prove dilution under 15 U.S.C. § 1125(c)). These same allegations also suffice to establish Plaintiff's claims for trademark infringement and unfair competition under New York common law and General Business Law §360-L. *See Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448, 456 (S.D.N.Y. 2005)) ("It is well-established that the elements necessary to prevail on causes of action for trademark infringement and unfair competition under New York common law mirror the Lanham Act claims."); *see also Krasnyi Oktyabr, Inc. v. Trilini*

*Imports*, 578 F. Supp. 2d 455, 470-71 (E.D.N.Y. 2008) ("To prove a [§ 360-L] dilution claim, a plaintiff must show that it owns a distinctive mark and a likelihood of dilution."). Thus, Plaintiff's motion for entry of a default judgment is granted.

Having established a violation of the Lanham Act and New York General Business Law §360-L, Plaintiff is entitled to some or all of the remedies it seeks under the Lanham Act and New York law. The matter is referred to the assigned magistrate judge for a report and recommendation on the damages and injunctive relief to be awarded.

**SO ORDERED**.

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 6, 2009